# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAB CONSULTING SERVICES, INC., <br><br>                                      Plaintiff,<br>   vs.<br>XIFIN, INC.,<br><br>                                    Defendant. | CASE NO. 13cv2088-LAB (BLM)<br><br>**ORDER DENYING *EX PARTE* MOTION TO SEAL** |

      This case arises from a contract dispute between the parties. Plaintiff and Counter-defendant Elab Consulting Services has sought to file under seal its motion to dismiss the Counter-complaint. Elab's motion, though unopposed, includes only a thin explanation of why sealing is appropriate.

      The motion cites Fed. R. Civ. P. 26(c) as authorizing the sealing of the motion. This rule, however, governs protective orders preventing disclosure of discovery materials. Its "good cause" standard is applicable to whether protected discovery materials can and should be sealed when attached to nondispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips* ex rel. *Estates of Byrd v. Gen'l Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). But for dispositive motions, including materials attached to such motions, a much higher standard applies. *Kamakana* at 1179–80.

      Even though the issue of sealing isn't disputed between the parties, the Court is required to consider the public's interest in access to court proceedings and documents. *See*

*Oregonian Pub. Co. v.U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)). The party seeking to seal judicial documents must show "compelling reasons" why sealing is necessary. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). The Court's sealing order must be based on specific findings, not conjecture or hypothesis, and must articulate the Court's reasoning. *Id*. "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips*, 307 F.3d at1210–1, and must make a "particularized showing . . . with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Elab's motion merely says the motion and exhibit contain confidential and proprietary materials and/or information, and "[r]evealing the terms of the agreements contained in the exhibit may disclose the parties' confidential proprietary business information." This is an insufficient basis for finding that the entire motion and exhibits should be sealed. Even if some of the information is proprietary and needs to remain confidential, it does not follow that the entire motion and exhibit need to be sealed.

The motion is therefore **DENIED WITHOUT PREJUDICE**. If Elab seeks to file a renewed motion, it should draft the motion so as to address the appropriate standards. Any renewed motion should consider whether lesser alternatives would suffice (such as redacting portions of documents, and filing unredacted documents under seal), and should provide enough information that the Court can make the required findings and articulate reasons for its order. A renewed motion to seal may be filed *ex parte*, without obtaining a hearing date, and the Court may set a hearing if appropriate.

**IT IS SO ORDERED**.

DATED: February 17, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge